UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL PEREZ,

    Petitioner,

v.                                                          Case No. 8:07-cv-1203-T-26MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Perez filed a petition for the writ of habeas corpus (Dkt. 1) with the Southern District of Florida, on May 19, 2007 (which was transferred to this court on July 9, 2007), however he did not pay the $5.00 filing fee or request leave to proceed in forma pauperis. Pursuant to Rule 1.03(e) of the Local Rules of this court, the action is subject to dismissal if the fee is not paid or an affidavit of indigency is not filed within thirty (30) days of the commencement of the action.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Perez shall either submit the $5.00 filing fee or complete and file the enclosed affidavit of indigency. The failure to timely do so will result in the dismissal of this action without further notice.[*]

---

[*] Perez should note that, if he fails to respond to this order and this case is dismissed, any subsequently-filed habeas petition challenging the same conviction may be barred by the one-year limitation period for filing a federal habeas petition. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled while a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2), the time during which a federal habeas petition is

The clerk shall send to Perez the required form.

**DONE AND ORDERED** in Tampa, Florida, on July 12, 2007.

   *s/ Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

---

pending does not toll the one-year limitation period.  See Duncan v. Walker, 533 U.S. 167 (2001)(holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).